UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUTTON LEASING, INC.,

        Plaintiff,

Case No. 11-cv-10911

vs.

HON. GEORGE CARAM STEEH

UNITED FINANCIAL CASUALTY COMPANY,

        Defendant.
_____/

**ORDER FOR ADDITIONAL BRIEFING AND LIMITED DISCOVERY**

The parties appeared on this date for oral argument on defendant's motion to dismiss for lack of personal jurisdiction or in the alternative for change of venue [#8]. The court concludes that limited discovery, as well as additional briefing will assist with resolution of the pending motion.

Accordingly,

The parties shall be permitted limited discovery, as of the entry of this order, related to the issues presented in defendant's pending motion. This limited discovery period shall expire <u>Monday, July 25, 2011.</u>

The parties shall file supplemental briefs related to the issues presented in defendant's pending motion, including, but not limited to, how the version of loss payable clause contained in the subject policy may or may not affect the court's personal jurisdiction over defendant.

> Under an [ordinary loss payable clause], the lienholder is simply an appointee to receive the insurance fund to the extent of its interest, and its right to recovery is no greater than the right of the insured. There is no privity of contract between the two parties because there is no consideration given by

-1-

the lienholder to the insured.  Accordingly, a breach of the conditions of the policy by the insured would prevent recovery by the lienholder.

*      *      *

Under [the standard loss payable] clause, a lienholder is not subject to the exclusions available to the insurer against the insured because an independent or separate contract of insurance exists between the lienholder and the insurer.  In other words, there are two contracts of insurance within the policy– one with the lienholder and the insurer and the other with the insured and the insurer.  Under the standard loss payable clause, the consideration for the insurer's contract with the lienholder is that which the insured paid for the policy itself.

*Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 383-84; 486 N.W. 2d 600 (1992)

(internal citations omitted).

The parties shall file their supplemental briefs <u>on or before August 24, 2011</u>.  The parties may file a reply brief <u>on or before September 7, 2011</u>.

SO ORDERED.

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2011

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---